UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIR WAHID, | No. 2:13-cv-2191 CKD P |
| Petitioner, | |
| v. | ORDER |
| F. FOULK, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302. The petition alleges that officials at High Desert State Prison (HDSP) did not properly address an administrative grievance submitted by petitioner. It also challenges the hardship transfer policy at HDSP, i.e., the "blanket denial of transfers." Petitioner seeks an order directing HDSP officials to transfer him to another prison, closer to his family, within sixty days. (ECF No. 1.)

Petitioner's challenges to his conditions of confinement are properly the subject of an action brought pursuant to 42 U.S.C. § 1983. Such actions have different procedural and exhaustion requirements, and are governed by a different body of substantive law, than actions seeking a federal writ of habeas corpus. As the United States Supreme Court has stated:

////

1

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. . . . Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). [Citation.] Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a).

Muhammad v. Close, 540 U.S.749, 750-751 (2004) (per curiam).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief. Therefore, the petition should be summarily dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is summarily dismissed.

Dated: December 3, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / wahi2191.156b

---

[1] Petitioner may re-file the instant claims in an action pursuant to section 1983. But see Meachum v. Fano, 427 U.S. 215 (1976) (holding that prisoners do not have a constitutional right to be housed at a particular prison within a state's prison system). Petitioner is advised that the statutory filing fee for such an action is $350.00. 28 U.S.C. §§ 1914(a), 1915(b)(1). A section 1983 inmate plaintiff proceeding in forma pauperis is obligated to pay this fee in monthly installments from his or her prison trust account.